JUAN ORTIZ PERICCHI, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

Nos. 899 and 900. Submitted November 6, 1933.—Decided November 28, 1933.

*Juan J. Toro* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The two administrative appeals herein are so closely related that we will consider in a single opinion the questions. they involve.

José Claudio and his wife, María Rosario Cruz y Galarza,. as the owners of certain properties, mortgaged them in favor of Juan Ortiz Pericchi to secure a certain sum of money lent by the latter to the former. Upon default in the payment of the secured obligation, the creditor brought a summary foreclosure proceeding in the District Court of Ponce on April 10, 1933. On the 11th of the same month, a formal demand for payment was served on the debtors, and on the 28th of the following June the sale of the mortgaged properties was ordered. Notices of the sale were posted in the usual public places in Ponce and San Germán and published in the issues of June 20 and July 5, 11, and 17, 1933, of the newspaper "*El Día*". On the day set, to wit, July 18, 1933, the sale took place, and the mortgaged properties were awarded to the mortgagee who was the only bidder at the sale. On the same day, July 18, the marshal executed a public deed to the purchaser, and on presentation of this instrument for record in the Registry of Property of San Germán, the registrar refused to record in a decision dated August 28, 1933.

As it transpired that the mortgaged properties had been sold by their owners to Pedro Claudio and his wife, Rosario López Ortiz, by a public deed dated July 15, 1933, which was recorded in the registry, the foreclosure purchaser petitioned the District Court of Ponce for an order directing that the proper notice be served on said Pedro Claudio and his wife

requiring them to pay the amount of said mortgage within ten days and warning them that upon their failure to do so the cancellation of the record of the purchase made during the pendency of the proceeding would be ordered. This petition was granted by the court and the notice was served on the purchasers. The term having expired without their having satisfied the mortgage, the mortgagee and purchaser applied again to the court and moved for an order of cancellation. The district court granted the motion on August 29, 1929, relying on article 71 of the Mortgage Law and on the decision of this court in *Arroyo* v. *Zavala,* 40 P.R.R. 257. A writ was issued, directed to the registrar, who in a decision dated September 6, 1933, refused to make the cancellation as ordered.

Feeling aggrieved by the registrar's decisions of August 28 and September 6, 1933, Ortiz Pericchi, took the present administrative appeals, wherein both the appellant and the registrar have filed extensive briefs in support of their respective contentions.

When on August 28, 1933, the registrar refused to record the deed of July 28, 1933, executed by the marshal to Ortiz Pericchi, he had not yet received the writ from the District Court of Ponce. According to the registry, the properties were recorded in favor of a person other than the one in whose name the marshal had acted and the registrar's refusal, therefore, was entirely justified on that ground alone. All the other grounds stated in the decisions are superfluous and can be disregarded. Under the circumstances the decision of August 28, 1933, must be affirmed.

The decision of September 6, 1933, must be reversed. It reads as follows:

"The cancellation of the records referred to in the foregoing instrument is refused, because the record having been denied of the marshal's deed No. 82, executed in Ponce on the 18th of last July before Notary Fernando Zápater Martínez, as a result of the mortgage foreclosure proceeding instituted by Juan Ortiz Pericchi against

José Claudio and his wife, for the reasons set forth in the annotation made at the foot of said deed, and as the writ now presented originated in that instrument, the cancellations sought by the writ can not be made; and it is further noted that no compliance has been had with the procedure established in articles 128 and 129 of the Mortgage Law in force, since the properties sold at public auction belonged at the time of such sale, and still belong, to their lawful owner, Pedro Claudio Cruz, a person other than José Claudio and his wife, there having been followed, instead, the procedure prescribed in subdivision 2 of article 71 of the aforesaid Law, although Pedro Claudio is a stranger to the mortgage but not a third person *pendente lite,* as it does not appear from the registry that any complaint or attachment has been recorded in regard to the properties sold at public auction; . . . ."

The basic argument of the registrar is that, as no record had been made in the registry of the institution of the mortgage foreclosure proceeding, it can not be maintained that Pedro Claudio and his wife are purchasers *pendente lite* and, therefore, that no application lies of article 71 of the Mortgage Law but of articles 128 and 129 thereof.

The precise question involved herein was decided adversely to the contention of the registrar by this court, in the case relied on by the district court for ordering the cancellation of the record of the deed of sale made after the institution of the foreclosure proceeding, namely, the case of *Arroyo* v. *Zavala, supra.*

There the opinion of this court was delivered by Mr. Justice Texidor. It holds, as stated in the syllabus, that:

"The purchaser of real property encumbered by an overdue mortgage as shown by the corresponding record in the registry of property, can not successfully plead his status as third person in proceedings for the foreclosure of the mortgage.

"As the purchaser of mortgaged property, where the mortgage is overdue according to the registry and the purchase is made during the pendency of foreclosure proceedings, is not a third person protected by articles 17 and 30 of the Mortgage Law, the record of the conveyance to him stands on no better footing than the prior record in favor of the grantor, and is subject to the same risks.

"As the purchaser of real property, subject to an overdue mortgage according to the registry, succeeds by subrogation to the legal status of his grantor, whose personality thereby becomes merged with that of the purchaser, anything affecting the mortgage will concern the latter, who will be considered as a purchaser *pendente lite* and presumed to have knowledge of the maturity of the mortgage and of the summary proceedings, instituted for its foreclosure.

"Where a mortgagor conveys the mortgaged property, after payment has been demanded of him in summary foreclosure proceedings, the purchaser at the ensuing execution sale is not bound to prosecute any action against the person who purchased directly from the mortgagor. In view of section 2 of the act relating to judgments and the manner satisfying them (Comp. 1911, section 5296), and the powers conferred by section 36 of the Code of Civil Procedure, the conflict may be adjusted by applying the procedure prescribed in article 71 of the Mortgage Law."

The above conclusions were reached after an ample study of the facts and the law involved, and the arguments of the registrar have failed to convince us that those conclusions are not correct.

After the cancellation is made, the situation of fact and of law which justifiably led the registrar to his first refusal, will have disappeared. The appellant may then re-submit his documents, paying of course the fees according to the schedule, and secure the record of his title, provided no other ground exists for refusing its record.

Mr. Justice Hutchison dissented as to the reversal.